UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARITIME ENERGY INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 04-271-P-S |
| | ) |
| CONTINENTAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PENDING MOTIONS**

The United States Magistrate Judge filed his Recommended Decision (Docket # 36) with the Court on September 26, 2005. Defendant Continental Insurance Company ("Continental") filed its Objection to the Recommended Decision (Docket #s 38 & 39) on October 6, 2005. Plaintiff Maritime Energy Incorporated ("Maritime") filed its Response to Defendant's Objection (Docket # 42) on October 31, 2005. After this Court had taken the Recommended Decision and Defendant's Objection under advisement, Defendant filed a related motion titled, First Motion for Leave of the Court to Respond to Plaintiff Maritime Energy's Reply to Magistrate Recommended Decision on Cross Motions for Summary Judgment (Docket # 43) ("Defendant's Motion for Leave"). To the extent that the Court has considered the arguments and assertions contained in this latest motion in reaching the below decision, the Motion for Leave is GRANTED IN PART. However, this ruling shall not be construed as allowing the Defendant leave to file additional memoranda related to the Recommended Decision.

With respect to the Recommended Decision and the Objection thereto, the Court has reviewed and

1

considered the Magistrate Judge's Recommended Decision, together with the entire record and made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision, as required by law. The Court notes that upon initial review of the record, it was inclined to concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision. However, as explained below, Defendant's Motion for Leave inadvertently brought to the Court's attention a docketing problem that has caused the Court to reconsider its initial review.

**I.      Plaintiff's Motion for Summary Judgment (Docket # 16)**

On the Court's Docket, it appears that Defendant responded to Plaintiff's Motion for Summary Judgment by filing its Response Memorandum (Docket # 26) and its Statement of Materials Facts that are Disputed (Docket # 27). Neither of these documents properly put before the Court evidence or argument sufficient to rebut Plaintiff's assertion that they were entitled to summary judgment based on the doctrine of waiver. Thus, the Recommended Decision understandably and appropriately concluded that Plaintiff's were entitled to summary judgment based on waiver. (See Rec. Dec. (Docket # 36) at 9-11.)

In the recently filed Motion for Leave, Defendant draws this Court's attention to page nine of its Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment. (See Def.'s Mot. for Leave (Docket # 43) at 2 n.1.) asserting that it did, in fact, rebut the waiver argument. At first glance, the Court found this pin cite perplexing since the memorandum docketed as the Response to Plaintiff's Motion for Summary Judgment (Docket # 26) does not contain a page nine. Upon reviewing a later filed Response to Plaintiff's Motion for Summary Judgment (Docket # 28), the Court found a page nine as well as an entire section of Defendant's memorandum that addressed the Plaintiff's waiver and estoppel arguments. This section of Defendant's Memorandum does not appear in Docket # 26.

Notably, Docket # 28 was docketed as a "FILED IN ERROR" "DUPLICATE ENTRY" and

Defendant was duly notified of this modification. (See August 3, 2005 Notice of Docket Entry Modification Regarding Docket # 28.) Upon receipt of this Notice, Defense Counsel should have contacted the Clerk's Office to ask that Docket # 26 be treated as the duplicate entry that was filed in error and that Docket # 28, which contains Defendant's full fourteen page memorandum of law, be docketed as the Response for the Court's consideration. However, in reviewing all of the filings made in connection with the Recommended Decision and the Motion to Leave, it appears that Defendant is unaware that neither the Court nor Plaintiff had been reading or considering the arguments presented in the latter half of its Response Memorandum (found only in Docket # 28).

Of course, the failure to ensure the appropriate docketing of its response memorandum was not the only flaw in Defendant's Response to Plaintiff's Motion for Summary Judgment. As explained in the Recommended Decision, Defendant also failed to comply with Local Rule 56(c) in responding to Plaintiff's Statement of Material Facts (Docket # 17) and instead filed an unhelpful document titled, Statement of Material Facts that are Disputed (Docket # 27). Local Rule 56 adopts clear procedures for putting the evidentiary record before the Court on summary judgment. Defendant's submission failed to comply with these procedures, as noted by the Magistrate Judge. (See Rec. Dec. (Docket # 36) at 4 n.1.)

Not only did Defendant fail to comply with these procedures in connection with the underlying cross-motions for summary judgment, the belated submission of Defendant's Statement of Material Facts Submitted in Support of Defendant's Objection (Docket # 39) also failed to comply with both the letter and the spirit of Local Rule 56. See Toomey v. Unum Life Ins. Co., 324 F. Supp. 2d 220, 221 n.1 (D. Me. 2004) (explaining the "the spirit and purpose" of Local Rule 56). Thus, even upon a *de novo* review that considered Defendant's Statement of Material Facts (Docket # 39), this Court would conclude that Defendant still has not "properly controverted" Plaintiff's Statement of Undisputed Material Facts (Docket

# 17).  In accordance with Local Rule 56(f), the facts contained in Plaintiff's Undisputed Material Facts (Docket # 17) would remain the admitted facts to the extent they are supported by record citation.

As a result of these multiple errors, it is very difficult, if not impossible, for the Court to determine whether Plaintiff is, in fact, entitled to summary judgment or whether Defendant's Objection to the Recommended Decision has any merit.  Moreover, the haphazard manner in which Defendant has presented both its facts and arguments to the Court has failed to provide Plaintiff with adequate notice and an opportunity to respond.  In this unique and unfortunate situation, the Court believes the best course is to wipe the slate clean and require Defendant to start over.

Therefore, the Court hereby STRIKES from the record the following documents filed by Defendant: Defendant's Opposition to Plaintiff's Motion for Summary Judgment (Docket # 26), Defendant's Statement of Material Facts that are Disputed (Docket # 27), Defendant's (Duplicate) Opposition to Plaintiff's Motion for Summary Judgment (Docket # 28), Defendant's Objection to the Report and Recommended Decision (Docket # 38) and Defendant's Statement of Material Facts Submitted in Support of Defendant's Objection (Docket # 39).  The Court hereby ORDERS that Defendant respond to Plaintiff's Motion for Summary Judgment (Docket # 16) and Plaintiff's Statement of Undisputed Material Facts (Docket # 17) within fourteen (14) days of this Order.  After this response is filed, Plaintiff may either file a new reply with eleven days or inform that Court that it wishes to rely in whole or in part on its previously filed Reply (Docket # 32).

Defendant is hereby notified that if its Opposing Statement of Material Facts does not fully comply with Local Rule 56(c), the supported facts found in Plaintiff's Statement of Undisputed Material Facts will be deemed admitted.  See Local Rule 56(f).  Moreover, the Court will "disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and the

Court has "no independent duty to search or consider any part of the record not specifically referenced." Id.

## II.     Defendant's Motion for Partial Summary Judgment (Docket # 24)

The Court has separately reviewed all of the filings made in connection with this Motion *de novo*. Based on this review, the Court cannot find that as a matter of law Defendant is entitled to a declaration that it has no obligation to provide coverage for Maritime's claims under the 1987 policies. Rather, genuine issues of fact preclude the Court from entering even a partial summary judgment for Continental. On this basis, Defendant's Motion for Partial Summary Judgment (Docket # 24) is DENIED.

## III.    Conclusion

For the reasons just explained, the Court GRANTS IN PART Defendant's Motion for Leave (Docket # 43) and DENIES Defendant's Motion for Partial Summary Judgment (Docket # 24).

With respect to Plaintiff's Motion for Summary Judgment (Docket # 16), the Court STRIKES Defendant's Opposition to Plaintiff's Motion for Summary Judgment (Docket # 26), Defendant's Statement of Material Facts that are Disputed (Docket # 27), Defendant's (Duplicate) Opposition to Plaintiff's Motion for Summary Judgment (Docket # 28), Defendant's Objection to the Report and Recommended Decision (Docket # 38) and Defendant's Statement of Material Facts Submitted in Support of Defendant's Objection (Docket # 39) and ORDERS Defendant to file any new response to Plaintiff's Motion for Summary Judgment within fourteen (14) days of this Order. If and when a response is filed, Plaintiff shall have eleven days in which to file a new reply or inform the Court that it wishes to rely upon its previously filed reply. The Court will await the completion of this briefing before taking Plaintiff's Motion under advisement.

In light of the above rulings, the Recommended Decision on Cross-Motions for Summary Judgment

(Docket # 36) is VACATED.

    SO ORDERED.

                                        /s/ George Z. Singal
                                        Chief U.S. District Judge

Dated this 22nd day of November 2005.